Law Library

THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM



| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF97-12 4: 56 |
| | ) | |
| v. | ) | |
| | ) | |
| NICHOLAS F. CAMADDU, | ) | **DECISION AND ORDER** |
| | ) | (Motion Objecting to Judge's Competency |
| Defendant. | ) | to Proceed Pursuant to 7 GCA § 6107) |
| | ) | |

## INTRODUCTION

This matter comes before the **HONORABLE VERNON P. PEREZ** on Defendant Nicholas F. Camaddu's Motion Objecting to Judge's Competency to Proceed Pursuant to 7 GCA § 6107, filed on July 8, 2013 ("Motion"). Defendant is represented by Attorney John Patrick Morrison of the Alternate Public Defender. A hearing on Defendant's Motion was held on July 24, 2013, at 2:00 pm. The Court now issues the following written Decision and Order DENYING Defendant's Motion.

## BACKGROUND

During Defendant's June 21, 2013 sentencing hearing, Judge Anita A. Sukola ("Judge Sukola") disclosed that she was in receipt of a letter from Senator Brant McCreadie, dated June 3, 2013. *See* Decision and Order at 1-2 (7/5/2013). The letter asks Judge Sukola to sentence Defendant to the maximum sentence under 9 GCA § 25.15. *See id.* Although the letter, which was drafted on official letterhead, was sent to Judge Sukola via e-mail on June 3, 2013, the letter was not brought to the judge's attention until the morning of the scheduled June 21, 2013 hearing. *See id.* at 2. Judge Sukola gave Defendant's counsel two hours to review the letter and lodge any objection. *See id.* at 2. After having reviewed the letter, Defendant moved to strike the letter and requested Judge Sukola to recuse herself. Judge Sukola denied both requests. *See id.* at 1-7.

On July 8, 2013, Defendant filed his motion to disqualify Judge Sukola under section 6107. *See* Motion. Defendant claims that disqualification is warranted pursuant to *Dizon v. Superior Court of Guam*, 1998 Guam 3, because the circumstances of this case are identical to that of *Dizon*: (1) a person of influence sent a letter to a judge requesting a specific result; (2) a sitting Guam senator has more influence over a superior court judge than a federal judge does, and (3) the judges in both knew of the importance of the case to the persons who wrote the letters. *See id.* at 3-4.

Judge Sukola filed her answer on July 10, 2013, denying that Senator McCreadie's letter "presents an amount of influence on the Court more than the complete lack of actual influence discussed *in Dizon*." *See* Answer at 2 ¶ 3 (Objection to Judge) (7/10/2013) ("Answer"). She further denies that "she 'knows that the case is important to Senator McCreadie and he is advocating to a particular sentence.'" *Id.* at 2 ¶ 4. Judge Sukola maintains that the mere receipt of the letter, which she disclosed to all parties at the earliest practicable time, does not create the appearance of impropriety. *See id.* at 2 ¶ 5.

## DISCUSSION

Title 7 GCA § 6107 governs the procedure for filing a statement of objection regarding a judge's disqualification. The Supreme Court of Guam has described the procedure prescribed by 7 GCA § 6107:

> Pursuant to 7 GCA 6107, if a judge does not recuse himself, then a party may, 'at the earliest practicable opportunity,' 'file ... a written statement objecting to the ... Judge.' The written statement must 'set[ ] forth the fact or facts constituting the ground of the disqualification of such ... Judge,' and must be served on the Judge. Within 'ten (10) days after the service ... or ... filing of any statement, whichever is later in time,' a Judge may file a 'written answer,' which must be 'verified in the manner prescribed for the verification of pleadings.' If the Judge opposes his own disqualification, then 'the question of the ... Judge's

disqualification shall be heard and determined by some other Judge.'

*Van Dox v. Superior Ct.*, 2008 Guam 7 ¶ 17 (internal citations omitted).

Title 7 GCA § 6105 is based on 28 U.S.C. § 455 and governs the substantive grounds for disqualification of judges. Section 6105 provides:

### § 6105. Grounds of Disqualification.

(a)    *Any judge shall disqualify himself or herself in any proceeding in which his or her impartiality might reasonably be questioned*, but if, following complete disclosure to all parties in the proceedings of the reasons for disqualification, all parties agree to having the judge continue to sit in the proceedings, he or she need not disqualify himself or herself.

7 GCA § 6105(a) (2013) (emphasis added); *see Ada v. Gutierrez*, 2000 Guam 22, ¶ 12, n.2. Section 6105(a) requires disqualification for the appearance of partiality, such as when a judge's "impartiality might reasonably be questioned." 7 GCA § 6105(a). In other words, "disqualification may occur even though a judge is not actually biased or prejudiced, and has no extrajudicial knowledge of disputed evidentiary facts." *U.S. v. Salemme*, 164 F.Supp.2d 49, 80 (D.Mass. 1998) (citation omitted). Actual bias is not a prerequisite for recusal, as the appearance of impropriety is enough. *See Liteky v. United States*, 510 U.S. 540, 548 (1994). "The standard for recusal is the appearance of impropriety and [ ] no actual showing of bias is necessary for recusal to lie." *Dizon v. Superior Ct.*, 1998 Guam 3 ¶ 32.

The purpose of Section 455(a) is "to promote public confidence in the integrity of the judicial process" and to avoid even the "appearance of impropriety." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). "Avoiding the appearance of impropriety is as important to developing public confidence in the judiciary as avoiding impropriety itself." *U.S. v. Hollister*, 746 F.2d. 420, 425-26 (8th Cir. 1984); *See* 28 U.S.C. § 455(a). "[J]udges and justices have 'as strong a duty to sit when there is no legitimate reason to recuse as [they] do[ ]

*People v. Cammadu*
Decision and Order (Motion Objecting to Judge's Competency to Proceed Pursuant to 7 GCA § 6107)
Criminal Case No. CF97-12

Page 3 of 6

to recuse when the law and facts require.'" *People v. Tennessen*, 2010 Guam 12 ¶ 49 (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)).

Courts often apply a reasonable person standard to determine whether impartiality or the appearance of impropriety must be reasonably questioned. This standard evaluates whether a reasonable person with knowledge of all the facts would conclude that a judge's impartiality might reasonably be questioned. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). The Supreme Court of Guam has adopted this objective standard and has held that "[t]he appearance of bias is judged from the standard of a 'reasonable person' who knows all the facts, and understands the 'contexts of the jurisdictions, parties, and controversies involved,' including such 'realities of the Guam judicial system' as the relatively small number of lawyers in the Guam bar and 'the nature of Guam families.'" *Van Dox*, 2008 Guam 7 ¶ 32 (quoting *Ada*, 2000 Guam 22 ¶¶ 12-13). Section 455(a) recusal cases are "extremely fact intensive and fact bound, and must be judged on its unique facts and circumstances more than by comparison to situations considered in prior jurisprudence." *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995).

Based upon the above standard, the facts presented in this case do not establish that Judge Sukola's impartiality might reasonably be questioned. To impose "a requirement that a criminal trial court recuse itself every time it receives unsolicited material uncomplimentary to a defendant prior to trial or sentencing would create an intolerable situation which could lead to a manipulation of the criminal justice." *State v. Santangelo*, 205 Conn. 578, 602, 534 A.2d 1175, 1189 (1987) (citing *United States v. Hillsberg*, 812 F.2d 328, 335 (7th Cir.), *cert. denied*, 481 U.S. 1041, 107 S.Ct. 1981, 95 L.Ed.2d 821 (1987)).

This case is much like *Santangelo*. In *Santangelo*, the defendant, who was convicted by a jury, claimed that the trial court committed reversible error by denying his motion for

*People v. Cammadu*
Decision and Order (Motion Objecting to Judge's Competency to Proceed Pursuant to 7 GCA § 6107)
Criminal Case No. CF97-12

Page 4 of 6

disqualification from sentencing. *See id.* at 601. The basis of his motion was that the trial judge, prior to the defendant's scheduled sentencing, received and read a letter from a detective. *See id.* The detective's letter "contained unsubstantiated, inflammatory comments and accusations concerning the defendant." *Id.* "The trial court, on the record, acknowledged receiving and reading the letter but stated that it was 'disregarding all [its] contents.'" *Id.* The Supreme Court in *Santangelo* found that disqualification was not warranted because the judge "brought the letter he had received to the attention of the defendant and noted that there was no basis for giving its allegations credence. He then emphatically and categorically stated that he could, and would, disregard the letter's contents. There is no reason to believe he could not do so, or that a reasonable person would have cause to question his ability to do so." *Id.* at 603.

In this case, Judge Sukola received an unsolicited letter from a senator requesting that Defendant be sentenced to the maximum sentence. Judge Sukola denies that the letter would influence her decision making and also denies that she knows that the case is important to the senator. *See* Answer at 2 ¶¶ 3-5. This Court must assume that she will be able to disregard extraneous matters such as those. *See Liteky*, 510 U.S. at 562 ("[t]he acquired skill and capacity to disregard extraneous matters is one of the requisites of judicial office"). Therefore, disqualification is not warranted in this case.

Further, contrary to Defendant's arguments in favor of disqualification pursuant to *Dizon*, the circumstances of this case are distinguishable from that of *Dizon*. First, nothing on the record suggests that Judge Sukola and Senator McCreadie are friends, which proved to be a significant factor in the *Dizon* Court's finding that the appearance of impartiality existed. More specifically, the *Dizon* court found that:

> The fact that Judge Goodwin had such strong feelings and a seemingly emotional stake in the outcome and speedy resolution of this case could be viewed as information which Judge Lamorena did not already possess. **When viewed in conjunction with the**

*People v. Cammadu*
Decision and Order (Motion Objecting to Judge's Competency to Proceed Pursuant to 7 GCA § 6107)
Criminal Case No. CF97-12

Page 5 of 6

**two judges' friendship a reasonable question as to impartiality and bias in the mind of a reasonable person is created.**

1998 Guam 3 ¶ 12 (emphasis added).  Second, unlike the trial court in *Dizon*, Judge Sukola voluntarily disclosed the existence of Senator McCreadie's letter to the parties at the earliest practicable time and also gave the parties the opportunity to comment on the letter.  As such, *Dizon* does not require disqualification in this case.

## CONCLUSION

For the foregoing reasons, Defendant has not stated sufficient grounds under 7 GCA § 6105(a) warranting Judge Sukola's disqualification.  Thus, Defendant's Motion is hereby **DENIED.**

**SO ORDERED** this 20ᵗʰ of July 2013.

_____
**HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the Office of the Clerk of the Superior Court of Guam. Dated at Hagåtña, Guam.

JUL 2 0 2013

Leonard F. Ventura
Deputy Clerk, Superior Court og Guam